UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| CRAIG G. C., | ) |
|           *Plaintiff* | ) |
| *v.* | )    *No. 2:20-cv-00217-JDL* |
| ANDREW M. SAUL, *Commissioner of Social Security,* | ) |
|           *Defendant* | ) |

### REPORT AND RECOMMENDED DECISION[1]

This Social Security Disability (SSD) appeal raises the question of whether the administrative law judge (ALJ) supportably found the plaintiff capable of performing past relevant work as a financial services specialist or, in the alternative, other work existing in significant numbers in the national economy. The plaintiff seeks remand on the basis that, in weighing the opinion evidence of record, the ALJ inadequately addressed the material issue of expected absences should he return to full-time work. *See* Itemized Statement of Specific Errors ("Statement of Errors") (ECF No. 16) at 8-15. I agree and, accordingly, recommend that the court vacate the commissioner's decision and remand this case for further proceedings consistent herewith.

Pursuant to the commissioner's sequential evaluation process, 20 C.F.R. § 404.1520; *Goodermote v. Sec'y of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the ALJ found, in

---

[1] This action is properly brought under 42 U.S.C. § 405(g). The commissioner has admitted that the plaintiff has exhausted his administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2), which requires the plaintiff to file an itemized statement of the specific errors upon which he seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office, and the commissioner to file a written opposition to the itemized statement. Oral argument was held before me pursuant to Local Rule 16.3(a)(2)(D), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

relevant part, that the plaintiff met the insured status requirements of the Social Security Act through December 31, 2022, Finding 1, Record at 100; that he had the severe impairments of episodic asthma with deviated septum, status post-bronchial thermoplasty, a history of vocal cord dysfunction/episodic breathing disorder, and degenerative disc disease of the lumbar spine, Finding 3, *id*. at 101; that he had the residual functional capacity (RFC) to perform light work as defined in 20 C.F.R. § 404.1567(b) in that he could lift and/or carry up to 10 pounds frequently and up to 20 pounds occasionally, stand and/or walk for six hours, and sit for eight hours during an eight-hour workday, could frequently climb ramps and stairs, occasionally climb ladders, ropes, or scaffolds, and frequently stoop, kneel, crouch, and crawl, could never be exposed to extreme cold or extreme heat, and could occasionally be exposed to atmospheric conditions, humidity, and wetness, but never in excessive amounts, Finding 5, *id*. at 104-05; that he was capable of performing past relevant work as a financial services specialist, which did not require the performance of work-related activities precluded by his RFC, Finding 6, *id*. at 111; that, in the alternative, considering his age (41 years old, defined as a younger individual, on his alleged disability onset date, March 10, 2018), education (at least high school), work experience (transferability of skills immaterial), and RFC, there were jobs existing in significant numbers in the national economy that he could perform, *id*. at 112-14; and that he, therefore, had not been disabled from March 10, 2018, his alleged disability onset date, through the date of the decision, February 18, 2020, Finding 7, *id*. at 114.  The Appeals Council declined to review the decision, *id*. at 1-4, making the decision the final determination of the commissioner, 20 C.F.R. § 404.981; *Dupuis v. Sec'y of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

      The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence.  42 U.S.C. § 405(g); *Manso-Pizarro v. Sec'y of Health*

*& Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996).  In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn.  *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Sec'y of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

    The ALJ reached Step 4 of the sequential evaluation process, at which stage the claimant bears the burden of proving inability to return to past relevant work.  20 C.F.R. § 404.1520(f); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).  At this step, the commissioner must make findings of the plaintiff's RFC and the physical and mental demands of past work and determine whether the plaintiff's RFC would permit performance of that work.  20 C.F.R. § 404.1520(f); Social Security Ruling 82-62 (SSR 82-62), reprinted in *West's Social Security Reporting Service* Rulings 1975-1982, at 813.

In the alternative, the ALJ reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than his past relevant work.  20 C.F.R. § 404.1520(g); *Yuckert*, 482 U.S. at 146 n.5; *Goodermote*, 690 F.2d at 7.  The record must contain substantial evidence in support of the commissioner's findings regarding the plaintiff's RFC to perform such other work.  *Rosado v. Sec'y of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

## I. Discussion

### A. Relevant Background

The plaintiff testified that he stopped working for the United States Postal Service in March 2018 because it "was too strenuous[,]" and he was missing some shifts.  Record at 132, 139-40.  He stated that since then, he had been working about 40 hours a month in four-hour shifts as a hospital security guard "per diem when I can[,]" *id*. at 129, but that, "[e]ven now[,] I still call out when I'm just not well enough to perform my duties[,]" *id*. at 140.  He testified that these absences,

caused primarily by asthma exacerbations, occurred at least four times a month, and that he had made several asthma-related visits to the emergency room in 2019 as of the date of the hearing, September 26, 2019. *See id*. at 140. He explained that his supervisor had kept him on despite his absences because he was his friend, knew his issues, had served with him in the Navy, and knew "I'm not going to BS him to get out of work." *Id*. at 144-45.

A vocational expert (VE) present at hearing testified that a hypothetical individual with an RFC matching that ultimately adopted by the ALJ could perform the plaintiff's past relevant work as a financial services specialist as well as the light work jobs of sorter, inspector of plastic products, and assembler, plastic products. *See id*. at 148-50. The plaintiff's representative asked the VE what "the tolerance [would] be for absenteeism" in those positions. *Id*. at 152. She responded, "One to two times per month on a . . . consecutive month basis would not be tolerated." *Id*.

In assessing the plaintiff's RFC, the ALJ deemed the prior administrative findings of agency nonexamining consultants Donald Trumbull, M.D., and Edward Ringel, M.D., persuasive in part, although she deemed the Ringel opinion less persuasive than that of Dr. Trumbull. *See id*. at 109-10. She explained, in relevant part, that although Dr. Trumbull "did not analyze the [plaintiff]'s breathing issues in great detail[,] . . . his determination [wa]s consistent with the evidence of record as a whole, including the improvement in the [plaintiff]'s symptoms to changes in exertion and environment, his generally good response to medication, and his normal pulmonary functioning tests" as well as his "part-time work activity, and his active lifestyle, including raising his children and rough housing with them, working outside, mowing his lawn, moving boxes, and doing projects around the house." *Id*. at 110 (citations omitted). She deemed Dr. Ringel's finding of limitations resulting from the plaintiff's migraine headaches unpersuasive but his other findings

"generally persuasive[.]" *Id*. Neither Dr. Trumbull nor Dr. Ringel indicated that the plaintiff would have impairment-related absences from work. *See id*. at 185-86, 193-95.

The ALJ found the opinion of the plaintiff's treating physician, Nicola Ann Garcia, M.D., "generally unpersuasive." *Id*. at 110. She explained:

> Her opinion is generally not well-supported, and several limitations are noted to be based on the [plaintiff]'s report, including his need for breaks. She found that the [plaintiff]'s functional limitations detailed in her opinion were 'consistent with reported symptoms,' but noted that 'pulmonary function studies [were] all normal.' The undersigned notes that a contemporaneous treatment record from Dr. Garcia indicates that she filled the medical opinion out 'in the presence of [the plaintiff] with information he provided as indicated.' Her opinion therefore appears to be based in large measure on the [plaintiff]'s subjective complaints, not on the objective record or Dr. Garcia's own findings.

*Id*. (citations omitted). The ALJ deemed Dr. Garcia's assessed environmental limitations "excessive" and "not consistent with the [plaintiff]'s own part time work in a hospital" or "his ability to go shopping, perform chores like cleaning, or mowing his lawn[,]" and her assessed postural limitations "not explained or supported, and . . . inconsistent with the [plaintiff]'s physical examination and normal spirometry, as well as his improvement with thermoplasty, as detailed herein." *Id*. at 111. However, she did not mention Dr. Garcia's estimate that, if the plaintiff worked full time, he would be absent from work more than four days a month as a result of his impairments. *Compare id*. at 110-11 *with id*. at 1521.

In summarizing the plaintiff's hearing testimony, the ALJ noted that he had "testified that he works on a per diem basis as a security guard at a hospital, on average for 40 hours per month, or two to three 4-hour shifts per week[,]" that the work "usually involves patrolling the emergency room, and restraining individuals on rare occasions[,]" and that he had "completed roughly a dozen online training courses for his security guard job." *Id*. at 106. However, she omitted mention of

5

both his testimony concerning asthma-related absences from that job and the VE's testimony regarding the impact of absences on full-time work. *See id*. at 106, 111-14.

The ALJ concluded that, although the plaintiff had some limitations, his "activities of daily living, work activity, improvement with treatment, and other objective findings suggest that he is not as limited as alleged." *Id*. at 108. She elaborated, "Perhaps most significantly, as detailed at hearing an[d] in various points in the evidence of record, the [plaintiff] has been able to sustain part time work as a security guard throughout much of the adjudicative period." *Id*. (citations omitted). She deemed that ongoing part-time work activity "indicative of a level of physical functioning that is inconsistent with a finding of disability, when considered in light of the evidence as a whole." *Id*.

### B. Analysis

The plaintiff argues that the ALJ's adverse Step 4 and 5 findings are unsupported by substantial evidence because (i) she failed to address Dr. Garcia's opinion that, if he worked full-time, he would be absent more than four days monthly due to his impairments and (ii) there is no indication that Drs. Trumbull and Ringel, the agency nonexamining consultants on whose opinions she relied, were asked to consider impairment-related absences, a proposition for which he cites *Sacilowski v. Saul*, 959 F.3d 431, 439-40 (1st Cir. 2020). *See* Statement of Errors at 8-15. I conclude that the ALJ's failure to address the material question of whether the plaintiff would be absent from work, as found by Dr. Garcia, warrants remand. I need not, and do not, consider whether *Sacilowski* undermines the ALJ's reliance on the Trumbull and Ringel opinions.

The commissioner correctly notes that the ALJ's discussion of Dr. Garcia's opinion complied with 20 C.F.R. § 404.1520c(b)(1), *see* Opposition at 11, which makes clear that an ALJ need not "articulate how [she] considered each medical opinion . . . from one medical source

6

individually[,]" 20 C.F.R. § 404.1520c(b)(1).  However, as detailed below, the ALJ's omission of any mention of Dr. Garcia's opinion concerning absences was reversible error.

The ALJ relied in significant part on the plaintiff's ability "to sustain part time work as a security guard throughout much of the adjudicative period."  Record at 108 (citations omitted).  Yet, she omitted any mention of the plaintiff's asserted difficulty with asthma-related absenteeism: his testimony that he had been absent four times per month even from his part-time job, which was accommodated by virtue of his friendship with his manager, the VE's testimony that one to two absences per month on a consecutive basis would not be tolerated, and Dr. Garcia's opinion that, if he worked full-time, he would be absent more than four days per month.

The commissioner argues that the ALJ impliedly and supportably discounted Dr. Garcia's opinion on absences as not well-supported or consistent with the record because it was "admittedly based on Plaintiff's subjective reports rather than objective evidence."  Defendant's Opposition to Plaintiff's Statement of Errors ("Opposition") (ECF No. 18) at 12.  Yet, as the plaintiff notes, *see* Statement of Errors at 14, and his attorney underscored at oral argument, Dr. Garcia did not indicate that her answer to the question of how many days per month the plaintiff would be absent was supplied by the plaintiff, as she did in answering questions concerning the expected frequency and length of unscheduled breaks, *compare* Record at 1519 ("Per pt a ½ hour"; "Per pt 5-10 minutes") *with id.* at 1521 (no such notation), and her treatment notes reflect familiarity with asthma exacerbations and trips to the emergency room for asthma flare-ups during the relevant period, *see id*. at 1575.[2]  Dr. Garcia, thus, could have relied at least in part on her own findings in projecting the plaintiff's expected absences.

---

[2] In her treatment note dated September 17, 2019, Dr. Garcia wrote that the plaintiff had had "[t]hree ER [emergency room] visits since last time here [on February 6, 2019] for asthma exacerbation due to acute bronchitis/sinusitis[,]" was treated with Prednisone, with respect to which he reported he had a bad reaction, was seen most recently in the

The commissioner points out that the ALJ acknowledged that the medical records showed that the plaintiff sought treatment for asthma exacerbations in May and October 2018 and February, April, May, and September 2019, arguing that "[t]hese six brief exacerbations with little treatment in between over the entire relevant period are not consistent with Dr. Garcia's opinion that Plaintiff would be absent more than four days *each month*, or that he experienced incapacitating asthma exacerbations every one to three months." Opposition at 13 (emphasis in original). However, the ALJ did not make that finding, *see* Record at 110-11, and it is thus a *post hoc* rationalization. Moreover, as noted above, that evidence reasonably could be construed to support, rather than undercut, the plaintiff's allegations of impairment-related absences from part-time work.[3]

While courts overlook an "arguable deficiency in opinion-writing technique" if not outcome-determinative, *see Bryant ex rel. Bryant v. Apfel*, 141 F.3d 1249, 1252 (8th Cir. 1998) (citation and internal punctuation omitted), reversal and remand are warranted when failures to explicate and/or even address material issues prevent a reviewing court from concluding that the ALJ reached a supportable result *via* an acceptable analytical pathway, *see, e.g.*, *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999) ("The ALJ's findings of fact are conclusive when supported by substantial evidence, but are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts.") (citations omitted). That is the case here.

---

emergency room on September 6, 2019, "with sinusitis with cough and congestion[,]" was treated with Augmentin and Benzonatate after refusing any further steroids, was "[i]mproved but still coughing" and described "shortness of breath with daily activities." Record at 1575.

[3] "Pursuant to the rule of *SEC v. Chenery Corp.*, 332 U.S. 194 (1947), a reviewing court cannot affirm an agency's decision on the basis of a *post hoc* rationalization but must affirm, if at all, on the basis of a rationale actually articulated by the agency decision-maker." *Day v. Astrue*, No. 1:12-cv-141-DBH, 2012 WL 6913439, at *10 (D. Me. Dec. 30, 2012) (rec. dec., *aff'd* Jan. 18, 2013) (citation and internal quotation marks omitted). "An exception to the *Chenery* rule exists when a remand will amount to no more than an empty exercise because, for example, application of the correct legal standard could lead to only one conclusion." *Id*. (citation and internal punctuation omitted). That exception does not apply in this instance.

## II. Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **VACATED** and the case **REMANDED** for proceedings consistent herewith.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum and request for oral argument before the district judge, if any is sought, within fourteen (14) days after being served with a copy thereof.   A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 20th day of May, 2021.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge